UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| GLENN WAYNE KELLY, § | |
| No.  1115953, § | |
| Petitioner, § | |
| § | |
| v. § | NO. 3:05-CV-1015-K |
| § | |
| DOUG DRETKE, Director, § | |
| Texas Department of Criminal Justice, § | |
| Correctional Institutions Division, § | |
| Respondent. § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b) and an order of the District Court in implementation thereof, the subject cause has previously been referred to the United States Magistrate Judge.  The findings, conclusions, and recommendations of the Magistrate Judge, as evidenced by his signature thereto, are as follows:

**FINDINGS AND CONCLUSIONS:**

**Type of Case:**  This is a petition for habeas corpus relief filed by a state inmate pursuant to 28 U.S.C. § 2254.

**Parties**:  Petitioner Glenn Wayne Kelly ("Kelly" or "Petitioner")[1] is confined at the Boyd Unit of the Texas Department of Criminal Justice, Correctional Institutions Division ("TDCJ-CID") at Teague, Texas.  Respondent is the Director of the TDCJ-CID.

---

[1] In various court documents Petitioner's surname has been spelled "Kelly" and "Kelley."  Petitioner's surname is spelled "Kelley" in his state trial court records.  However, Petitioner signed his name "Kelly" in both his state and federal habeas filings.  This court will adopt the spelling used by Petitioner in his federal habeas petition.

1

**Statement of the Case:** On May 31, 2000, Petitioner pled guilty to the offense of aggravated assault as charged in the indictment in cause number F00-70494-PR and true to the prior felony alleged in the second paragraph of the indictment.  Pursuant to the plea agreement filed in the case, the trial court deferred an adjudication of guilt and placed him on a ten year term of community supervision.  On the same date Kelly waived his right of appeal.

On July 19, 2002, Petitioner pled true to the allegation that he violated one condition of his probation by failing to report to the Community Supervision and Corrections Department Comprehensive Assessment and Treatment Services Program by June 5, 2000.  The trial judge adjudicated Kelly guilty of aggravated assault with a deadly weapon and sentenced him to twelve years imprisonment.

Petitioner filed an appeal of his sentence in the Fifth District Court of Appeals of Dallas and on July 8, 2003, the court dismissed his appeal for want of jurisdiction.  *Kelly v. State*, No. 05-02-01334-CR (Tex. App. – Dallas July 8, 2003).  Kelly did not file a petition for discretionary review ("PDR").  The Fifth Court's mandate was issued on October 2, 2003.[2]

On July 2, 2003, pursuant to Texas Code of Criminal Procedure article 11.07, Kelly filed a habeas application challenging his conviction.  *Ex parte Kelly*, Appl. No. 56,724-01 at 2.  Kelly's application was dismissed as premature by the Texas Court of Criminal Appeals on September 3, 2003, because his direct appeal remained pending.  *Ex parte Kelly*, Appl. No. 56,724-01 at cover.  On September 18, 2003, Kelly filed a second 11.07 application challenging his conviction.  *Ex parte Kelly*, Appl. No. 56,724-02 at 2.  The Texas Court of Criminal

---

[2] Relief pursuant to article 11.07 is not available until the underlying conviction becomes final.  Under Texas law, finality does not occur until the intermediate appellate court issues its mandate.  *Ex parte Johnson*, 12 S.W.3d 472, 473 (Tex. Crim. App. 2000).

Appeals dismissed this application on October 29, 2003, because his direct appeal was still pending. *Ex parte Kelly*, Appl. No. 56,724-02 at cover. On April 16, 2004, Kelly filed a third state habeas application. *Ex parte Kelly*, Appl. No. 56,724-04 at 2. The Texas Court of Criminal Appeals denied the application on January 12, 2005, without written order on the findings of the trial court without a hearing. *Ex parte Kelly*, Appl. No. 56,724-04 at cover.[3]

Petitioner filed the instant petition on May 6, 2005.[4] On September 2, 2005, Respondent filed his answer asserting that the petition is time-barred, that Petitioner failed to exhaust state remedies and, in the alternative, that Petitioner's claims are without merit. Kelly filed his traverse on September 13, 2005.

**Findings and Conclusions:** In his petition, Kelly alleges that he was denied effective assistance of counsel at the time he entered his plea of guilty, that his guilty plea was not knowingly and understandingly entered, and that he was denied the effective assistance of counsel on appeal. Petitioner's allegations need not be addressed on the merits because Kelly failed to file his petition within the statutory period required by the Anti-Terrorism and Effective Death Penalty Act ("AEDPA"). 28 U.S.C. § 2244(d)(1) (1996).

---

[3] Kelly also filed an application for writ of mandamus. The Court of Criminal Appeals denied leave to filed the same on January 12, 2005. *See Ex parte Kelly*, Appl. No. 56,724-03 at cover.

[4] Under the "mailbox rule," a prisoner's federal habeas corpus petition is deemed filed when he delivers it to prison officials for mailing to the district court. *Spotville v. Cain*, 149 F.3d 374, 378 (5th Cir. 1998). Kelly signed his federal habeas petition on May 6, 2005. It was filed stamped on May 18, 2005. For the purposes of this recommendation, it is assumed that Kelly placed his § 2254 petition in the prison mail system on the date he signed his petition.

3

**Claims Relating to the Original Guilty Plea**

Kelly filed his § 2254 petition after the effective date of the AEDPA. It is thus subject to a one year statute of limitations. § 2244(d)(1). Absent specific circumstances set forth in Sections (d)(1)(B) through (d)(1)(D), this limitation period begins to run on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." § 2244(d)(1)(A). The running of the limitations period will be tolled while a "properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." § 2244(d)(2).

The United States Court of Appeals for the Fifth Circuit recently held that an order placing a defendant on deferred adjudication probation is a final judgment for purposes of section 2244 of the AEDPA. *Caldwell v. Dretke*, No. 03-40927, 2005 WL 2766688, at *6 (5th Cir. Oct. 26, 2005). The court limited its holding to instances where "a petitioner challenges substantive issues relating to an original order of deferred adjudication probation" *Id.* at *9 n.24. Petitioner's claims are governed by *Caldwell* because they relate to the original proceeding in which Kelly was placed on deferred adjudication probation.

Kelly was placed on probation on May 31, 2000. Under Texas law, he had 30 days from that date in which to file a notice of appeal. Tex. R. App. P. 26.2(a)(1); *see also Caldwell*, 2005 WL 2766688, at *7. However, Kelly did not effect an appeal from the order placing him on a term of community supervision. Accordingly, Kelly's sentence became final for purposes of section 2244(d)(1)(A) on June 30, 2000, 30 days after the probation order was entered. Because Kelly sought no state habeas relief during the one year time period following the entry of the deferred adjudication probation order, the limitations period for his claims expired on July

2, 2001.[5]  Kelly did not file his federal habeas petition until May 6, 2005,[6] well beyond the one year limitations period.

Notwithstanding the untimeliness of Kelly's federal petition, the limitations period may be equitably tolled under "rare and exceptional" circumstances.  *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998).  A "garden variety claim of excusable neglect does not support equitable tolling."  *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999) (quoting *Rashidi v. Amer. President Lines*, 96 F.3d 124, 128 (5th Cir. 1996)).

Kelly has not identified any circumstances that might warrant equitable tolling.  His status as a *pro se* petitioner, by itself, does not excuse his delay in filing his federal petition.  *See Fierro v. Cockrell*, 294 F.3d 674, 683 (5th Cir 2002), *cert. denied*, 538 U.S. 947, 123 S. Ct. 1621 (2003) (incorrect interpretation of ADEPA filing deadlines by incarcerated *pro se* prisoner did not warrant equitable tolling); *see also Felder v. Johnson*, 204 F.3d 168, 171 (5th Cir. 2000) (noting that proceeding *pro se* is not an "exceptional circumstance" that requires equitable tolling).  Consequently, no grounds for equitable tolling exist, and therefore, Petitioner's first two claims are time-barred.

**Claims Relating to the Adjudication of Guilt and Sentencing**

In Kelly's "Memorandum and Supporting Brief" filed simultaneously with his federal petition, Kelly raises, but does not brief, the claim that he was "denied his Fourteenth

---

[5] The one year limitations period expired on June 30, 2001.  However, because that date fell on a Saturday, the limitations period was extended to the following Monday, July 2, 2001.  *See* Fed. R. Civ. P. 6(a); *Flanagan v. Johnson*, 154 F.3d 196, 200-01 (5th Cir. 1998).

[6] *See* note 2, *supra*.

Amendment right to effective assistance of counsel on appeal." Kelly was appointed counsel after the trial court adjudicated guilt and assessed punishment.

This third claim is also subject to the one year statute of limitations set forth in the AEDPA. *See* § 2244(d)(1). Absent specific circumstances set forth in Sections (d)(1)(B) through (d)(1)(D), this limitation period begins to run on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." § 2244(d)(1)(A). The running of the limitations period will be tolled while a "properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." § 2244(d)(2).

After the trial court adjudicated guilt, Kelly had a right to appeal errors related to the trial court's determination of punishment. *See*, *e.g.*, *Kirtley v. State*, 56 S.W.3d 48, 51 (Tex. Crim. App. 2001). Therefore, the "judgment" at issue under § 2244(d)(1)(A) is the court's decision to adjudicate guilt and assess punishment.

Kelly filed an appeal of his sentence in the Fifth District Court of Appeals of Dallas and the court dismissed his appeal for want of jurisdiction on July 8, 2003. *Kelly v. State*, No. 05-02-01334-CR (Tex. App. – Dallas July 8, 2003). Kelly did not file a petition for discretionary review, therefore, the judgment became final on August 7, 2003, 30 days after the appeal was dismissed. *See* Tex. R. App. P. 68.2(a). The limitations period ran for 253 days until Kelly filed his third state habeas application, which is the only application that was properly filed. *See Larry v. Dretke*, 361 F.3d 890, 894 (5th Cir. 2004), *cert. denied*, 125 S. Ct. 141 (2004) (state habeas application filed before direct appeal is final is not "properly filed" and therefore, does not toll the limitations period under § 2244); *see also Moore v. Cain*, 298 F.3d 361, 366-67 (5th

Cir. 2002), *cert. denied*, 537 U.S. 1236, 123 S. Ct. 1360 (2003) (the filing of a writ of mandamus does not toll the limitations period under § 2244 because it is not a "properly-filed application for State post-conviction or other collateral review with respect to the pertinent judgment"). The limitations period was tolled until January 12, 2005, when the Texas Court of Criminal Appeals denied Kelly's 11.07 application. Thereafter, the limitations period ran for an additional 114 days before Kelly filed his federal habeas petition on May 6, 2005, two days after the one year limitations period expired. Because Kelly has not identified any "exceptional" circumstances that would warrant equitable tolling, his third claim is time-barred as well. *See Davis*, 158 F.3d at 811; *Coleman*, 184 at 402.

**RECOMMENDATION:**

For the foregoing reasons it is recommended that the district court dismiss the petition because it is time-barred.

A copy of this recommendation shall be transmitted to the Petitioner and to counsel for Respondent.

Signed this 13th day of December, 2005

_Wm. F. Sanderson, Jr._
Wm. F. Sanderson, Jr.
UNITED STATES MAGISTRATE JUDGE

NOTICE
In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten days after being served with a copy of this recommendation. Pursuant to *Douglass v. United Servs. Auto Ass'n,* 79 F.3d 1415 (5th Cir. 1996) (*en banc*), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten-day period may bar a *de novo* determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.